UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL ELIE VALBRUN, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4: CV-05-401 |
| | : | |
| THOMAS HOGAN, ET AL., | : | (Judge McClure) |
| | : | |
| Respondents | : | |

| | | |
|---|---|---|
| CARL ELIE VALBRUN, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4: CV-05-754 |
| | : | |
| UNITED STATES DEPARTMENT | : | (Judge McClure) |
| OF JUSTICE, ET AL. | : | |
| | : | |
| Respondents | : | |

## **ORDER**

April 25, 2005

**Background**

Both of the above captioned petitions for writ of habeas corpus were

initiated by Carl Elie Valbrun regarding his ongoing detention at the York County Prison, York, Pennsylvania by the Bureau of Immigration and Customs Enforcement (BICE).

On February 24, 2005, counsel for the Petitioner initiated a § 2241 action, Civil No. 05-401, with this Court.  On March 4, 2005, Valbrun was granted a temporary stay of deportation and service of his petition was ordered.  Recently, a pro se § 2241 petition previously filed by Valbrun in the United States District Court for the Southern District of New York was transferred to this Court.[1]  This Court will direct that the cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a) and the consolidated matter will proceed under  Civil Action No. 4:CV-05-401, which was the initially filed action in this Court.

**Discussion**

       Rule 42(a) of the Federal Rules of Civil Procedure states:

       When actions involving a common question
       of law or fact are pending before the
       court, it may order a joint hearing or

---

[1] It appears that after initiating a pro se action in the Southern District of New York Valbrun obtained legal representation and filed a second, counseled petition with this Court.

> trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The allegations and facts set forth in each of the above described habeas corpus petitions are similar.  All of Petitioner's arguments challenge the legality of his pending deportation by the BICE.  He claims that the BICE's proposed deportation to Haiti will violate the United Nations Convention Against Torture (CAT) and § 241 of the Immigration and Nationality Act (INA).  He also contends that his underlying criminal offense does not qualify as being an aggravated felony.

Since the actions contain common factors of law and fact, this Court will order the consolidation of the two petitions pursuant to Rule 42(a) and will proceed with the consolidated matter under Valburn's initially filed and counseled petition, Civil Action No. 4:CV-05-401.  Furthermore, within fifteen (15) days of the date of this Order, Petitioner shall file a notice with this Court indicating whether he will stand on the arguments asserted in his counseled petition or if he also desires consideration of the additional arguments asserted in his initial pro se petition.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to consolidate <u>Valbrun v. United States Department of Justice, et al.</u>, Civil No. 4:CV-05-754 into <u>Valbrun v. Hogan, et al.</u>, Civil No. 4:CV-05-401, pursuant to Federal Rule of Civil Procedure 42(a).

2. The Clerk of Court is directed to close the case of <u>Valbrun v. United States Department of Justice</u>, et al., Civil No. 4:CV-05-754.

3. Within fifteen (15) days of the date of this Order, Petitioner shall advise the Court whether: (1) he wishes to proceed with only the arguments asserted in his counseled petition, or (2) wants review of all claims asserted in both his <u>pro se</u> and counseled petitions.

      s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge