UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


CARL ELIE VALBRUN, :
 :
    Petitioner :
 :
v. : CIVIL NO. 4: CV-05-401
 :
THOMAS HOGAN, ET AL., : (Judge McClure)
 :
    Respondents :


## **ORDER**

July 6, 2005

**Background**

    Carl Elie Valbrun (A# 95 517 108), initiated this petition for writ of habeas corpus regarding his detention at the York County Prison, York, Pennsylvania by the Bureau of Immigration and Customs Enforcement (BICE). Valbrun is represented by counsel. By Order dated March 4, 2005, the Petitioner's request for a stay of removal pending the outcome of this proceeding was granted. The Order also directed service of the petition.

    Presently pending before the Court is Respondents' motion (Record document no. 14) to transfer the petition to the United States Court of Appeals for

the Second Circuit, pursuant to the REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005). A brief supporting Respondents' motion states that an order directing Valbrun's removal from the United States was issued by an Immigration Judge in Napanoch, New York on February 2, 2004. <u>See</u> Record document no. 15, p. 2. By Order dated July 30, 2004, the Board of Immigration Appeals dismissed the Petitioner's administrative appeal. Petitioner's counsel concurs in the motion.[1] For the reasons set forth below, the unopposed motion will be granted and the petition will be transferred to the Second Circuit Court of Appeals.

Respondents correctly contend that "Section 106 of the REAL ID Act of 2005 amended section 242(a) of the INA to provide that the sole and exclusive means to review an order of removal shall be by petition for review in the applicable court of appeals. H.R. 1268, 109th Cong. (2005)(enacted), Pub.L.No. 109-13, Div.B, 119 Stat. 231." Doc. 20, pgs. 2-3. The amendment became effective on May 11, 2005.

Section 106(c) provides that "[i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of

---

[1] The Court will also grant Michael Cooke, Esq's unopposed motion (Record document no. 13) to withdraw as co-counsel for Petitioner.

removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).  The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under section 242, except that subsection (b)(1) of such section shall not apply."

As Valbrun is challenging a final administrative order of removal, Section 106(c) mandates transfer of the matter to the Second Circuit Court of Appeals, the circuit where the Immigration Judge presided over the immigration proceedings and issued Petitioner's administrative removal order.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Respondents' unopposed motion to transfer (Record document no. 14) is granted.

2. The Clerk of Court is directed to transfer the instant action to the

United States Court of Appeals for the Second Circuit.

3. The Clerk of Court is directed to close this case.

4. Michael Cook, Esq.'s unopposed motion (Record document no. 13) to withdraw as Petitioner's co-counsel is granted.

5. The stay of deportation previously issued in this case will remain in effect pending further action by the Second Circuit.

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge